UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN T. WILLIAMS,

                Plaintiff,

-against-

JANET F. KING, et al.,

                Defendants.

1:22-CV-3823 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

On July 30, 2020, Plaintiff John T. Williams[1] was barred from filing any new civil action in this court *in forma pauperis* ("IFP") without first obtaining from the court leave to file. *See Williams v. United States*, ECF 1:20-CV-3101, 5 (S.D.N.Y. July 30, 2020), *appeal dismissed*, No. 20-3138 (2d Cir. Oct. 22, 2020) (dismissal effective Nov. 12, 2020). Plaintiff files this new *pro se* action, and he has neither paid the fees to bring this action nor filed an IFP application. Because Plaintiff has not paid the fees, the Court construes Plaintiff's complaint as requesting to proceed IFP. Plaintiff has not, however, requested leave to file this action. The Court therefore dismisses this action without prejudice for Plaintiff's failure to comply with the court's July 30, 2020 order.

---

[1] The caption of the complaint names both John T. Williams and Williams, Scott & Associates LLC as plaintiffs in this action. The Court understands, however, that John T. Williams is the only plaintiff in this action because he is the only plaintiff to have signed the complaint and because, as a *pro se* litigant who gives no indication that he is an attorney, Williams is not permitted to assert claims on behalf of any other entity, including a limited liability company (LLC), such as Williams, Scott & Associates LLC. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause") (internal quotation marks and citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"); *see also Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (limited liability company may only appear in federal court with an attorney).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                       Chief United States District Judge